**STATE OF VERMONT**

**ENVIRONMENTAL COURT**

| | |
|---|---|
| Appeal of Keith and Joyce Farnham | } } } Docket No. 223-10-02 Vtec } } |

Decision and Order on Pending Motions

(Appellants' Motion for Reconsideration (and to 'dismiss' ) and Appellee's Motion for Remand)

Appellants Keith Farnham and Joyce Farnham appealed from Condition 1 of the conditions imposed by the Planning Commission of the Town of Fairlee, in its decision granting Appellants' subdivision application. Appellants are represented by Christopher Dye, Esq.; the Town is represented by Andrea L. Gallitano, Esq.

Appellants now move the Court to reconsider its August 11, 2003 Order denying their earlier motion for reconsideration of the May 26, 2003 Order granting summary judgment, and to approve the subdivision without any condition regarding the width of the right-of-way. The Town moves the Court to remand to the Planning Commission the issue of whether access to Appellants' proposed subdivision is adequate under the applicable regulations. In their latest surrebuttal memorandum, Appellants request oral argument on the motions, but they did not state any reason why oral argument would have been useful to supplement the many rounds of responsive memoranda already presented to the Court. Therefore, the request for oral argument is denied.

Appellants appealed to this Court from Condition 1 in the Planning Commission's approval of their two-lot[1] subdivision, requiring that:

Residential development of the proposed 1-acre parcel shall not be allowed until a right-of-way 49.5' in width is provided from Lake Morey Road East to the 1-acre lot. The Planning Commission's decision is based on Section 4.4 (Required Frontage On, or Access to, Public Roads) of the Fairlee Zoning Regulations.

In its May 26, 2003 Decision and Order, this Court ruled on summary judgment that the right-of-way providing access to the proposed subdivision is not a " new" right-of-way and, therefore, that § 4.4 of the Fairlee Zoning Regulations does not apply.

In two brief entry orders on August 11, 2003, the Court denied Appellants' motion for reconsideration and renewed motion for summary judgment, and denied the Town's motion for clarification and to remand, ruling that the question of the adequacy of access for the subdivision had been before the Planning Commission and therefore was before the Court in the de novo appeal of the contested condition. In the present motions both parties oppose the hearing now

scheduled for November 14, 2003 on the merits of the adequacy of access to the subdivision, but for different reasons. The Town seeks remand of that issue so that it can be heard instead by the Planning Commission; Appellants seek approval of their subdivision without any condition on or consideration of the adequacy of access.

A great deal of confusion has been imported into this case because it is also the Planning Commission that is responsible for conducting site plan review under § 5.8 through § 5.10 of the Zoning Regulations. Ordinarily, the issue of the adequacy of access between a subdivision and the public roads would be explicitly addressed either in the subdivision regulations or because the subdivision would have to undergo site plan review. Under the Fairlee Zoning Regulations, when conducting site plan review, the Planning Commission is required to consider the " maximum safety of vehicular circulation between the site and the street network." § 5.10(B). However, site plan approval is not required under the Fairlee Zoning Regulations for an application for a residential subdivision that will involve only single-family dwellings (regardless of the number of such dwellings), § 5.8, and therefore site plan approval was not required for this application.

Therefore the standards in § 5.10 do not apply to the decision to be made by the Planning Commission on this application and the Court will reconsider its orders stating that the adequacy of the subdivision's access to the public streets was before the Planning Commission. Rather, that issue was only properly before the Planning Commission, in acting on a minor subdivision application such as Appellants' application, if it fell within one of the Planning and Design Standards in Article IV of the Fairlee Subdivision Regulations.

The only Planning and Design Standards even potentially applicable to this issue are those in Article IV, § 2, governing roads. We consider each of the unnumbered subsections in Article IV, § 2.

Traffic Management - This section is inapplicable to the issue of the adequacy of access from the public road to the proposed two-lot subdivision, as the existing access is entirely a private road or right-of-way and the section only deals with the effect of traffic generated by a proposed subdivision on the traffic on public roads (or village centers or historic areas), not on the traffic on existing private roads. Moreover, it is not reasonable that the traffic to be generated by a single additional single-family dwelling could have a " significant traffic impact" on the public roads. More importantly in the present case, in acting initially on this application, the Planning Commission did not make a threshold judgment that the additional single-family residence would generate sufficient additional traffic to present " the potential for significant traffic impact" on the public roads, and did not call for a traffic study of the proposed subdivision. Neither the Town nor any other party appealed the Planning Commission's failure to require a traffic study, and therefore that issue is not before the Court in the present appeal.

Location and Design of Intersections - This section is inapplicable to the issue of the adequacy of access from the public road to the proposed two-lot subdivision, as no new intersections with existing roadways are proposed.

Design Standards for Town Roads - This section is inapplicable to the issue of the adequacy of access from the public road to the proposed two-lot subdivision, as no road is proposed for acceptance by the Town.

Cul de Sacs - The proposed subdivision does not propose a dead end road in excess of 800 feet in length; even if the entire private road from Lake Morey Road to the proposed subdivision is considered, by scale on Exhibit B it appears to be only approximately 500 feet in length.

Road Maintenance - This section is inapplicable to the issue of the adequacy of access from the public road to the proposed two-lot subdivision.

Curb Cuts on Existing Roads - The proposed subdivision does not propose more than one curb cut onto each parcel from the existing private road.

Layout - This is the only subsection of the Subdivision Regulations applicable to the issue of the adequacy of access from the public roads to a new subdivision. It requires the Planning Commission to consider whether the roads serving the proposed subdivision are designed " to insure the safe and efficient movement of vehicles." It is not limited by its terms only to new roads proposed to be constructed in connection with a proposed subdivision.

However, this subsection only applies to roadways within the definition of the term " roads" in Article VII of the Subdivision Regulations. The term " road" is defined to exclude driveways serving only one or two single-family residential uses or lots. Under this definition, the existing private roadway serving the Appellants' subdivision qualifies as a " road" only to the point just past the first driveway for the three Farnham/O' Donnell lots. The location of the three existing or proposed driveways have not been provided to the Court, but we presume that this would be the driveway serving Farnham Lot 2A on the diagram above. Beyond this point, the right-of-way would fall within the exclusion for a driveway serving only two single-family residential lots.

We also note that nothing already approved in the 1995 subdivision of Lots 1 and 2 can be reopened in the present proceeding. In that 1995 approval, the entire right-of-way[2] shown in green and in blue on Exhibit B should have fallen within the exclusion for a driveway serving only two single-family residential lots (that is, Lots 1 and 2 of the 1995 subdivision). In Appellants' subdivision application, an additional portion of that right-of-way marked in green or blue on Exhibit B should be reviewed as a private road as it would now serve three lots and would not longer qualify for the driveway exclusion.

However, because nothing already approved in the 1995 subdivision of Lots 1 and 2 can be reopened in the present proceeding, the only issue regarding the adequacy of the private road that was before the Planning Commission in Appellants' subdivision application should have been whether a segment of the existing private road is adequate to serve three, rather than two, single-family residential lots. That is, the 1995 subdivision approval concluded that it was adequate to serve two lots, and that approval became final and cannot now be reopened or challenged, directly or indirectly. All that is at issue regarding the private road in the present application is whether it is adequate to insure the safe and efficient movement of vehicles for a single additional single-family residence. No concerns about the possibility of future additional

subdivisions are relevant to that determination; any such concerns would have to be addressed only if and when any such future application were to be filed. If the private road is adequate to serve Lot 2B, that finding would not provide a precedent for the approval or the disapproval of any additional lots later proposed to be served by any of these private roads.

Thus, in the application for subdivision approval, the Planning Commission had before it the issue of whether vehicles could move to and from the proposed additional lot safely and efficiently over the existing private rights-of-way. The Planning Commission applied the wrong standard to that issue, using § 4.4 of the Zoning Regulations rather than Article IV, § 2: Roads - Layout of the Subdivision Regulations. The only issue raised on appeal was whether § 4.4 of the Zoning Regulations justified Condition 1 of the approval. We ruled that it did not, and nothing remains for the Court to hear on the merits of the application. Rather, we must vacate Condition 1 and remand only that issue to the Planning Commission, for it to render a decision on whether vehicles could move to and from the proposed additional lot safely and efficiently over the segment of the existing private rights-of-way that was not already reviewed in the 1995 subdivision.

Accordingly, based on the Court's prior summary judgment decision and order regarding Condition 1 of the Planning Commission approval of the subdivision, Condition 1 of the Planning Commission approval of the subdivision is hereby VACATED. Appellants' Motion for Reconsideration of the August 11, 2003 Order is GRANTED in PART, as discussed above, so that the hearing on the remaining merits of this proceeding scheduled in this Court for November 14, 2003, is therefore CANCELED. Appellants' Motion for Reconsideration of the August 11, 2003 Order is DENIED in PART, and the Town's Motion to Remand is GRANTED, also as discussed above, so that the Planning Commission will hear ONLY the narrow issue remaining after the vacating of Condition 1. That issue is whether vehicles traveling to and from the proposed Farnham Lot 2B can move safely and efficiently along the segment of the existing private road that was classified as a driveway in the 1995 subdivision, but is now classified as a road. The segment in question extends along O'Donnell Drive (shown in green and blue on Exhibit B) from Redmond[3] Road to the driveway that serves Farnham Lot 2A.

This decision and order concludes this appeal. The conference set for November 4, 2004 is canceled as unnecessary.

Done at Barre, Vermont, this 21st day of October, 2003.


_____
Merideth Wright
Environmental Judge

**Footnotes**

1.     Appellants and the Town have referred to the subdivision as a one-lot subdivision. In fact, it is an application to subdivide a 5.9-acre lot created as "Lot 2" in a 1995 approved subdivision into a 4.8-acre lot we will refer to as Farnham Lot 2A and a 1.1-acre lot we will refer to as Farnham Lot 2B. The O'Donnells retained Lot 1 of the 1995 subdivision. See the diagram on the following page.

2.     If the driveways for either Lot 8 or Lot 7 of the so-called Redmond Road lots give onto O'Donnell Drive rather than onto Redmond Road, then the roadway would have been considered a driveway from the point just above that Lot 8 or Lot 7 driveway.

3.     Or from any driveway for Redmond Road lots 8 or 7 as noted in footnote 2 above.